1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

RUTH STAIRS,                          )   1:10cv0132 DLB
                                      )
                                      )
                   Plaintiff,         )   ORDER REGARDING
                                      )   PETITION FOR FEES
      v.                              )
                                      )   (Document 22)
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
                                      )
                                      )
                   Defendant.         )
_____)

 This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on April 21, 2011, by Plaintiff Ruth Stairs ("Plaintiff"). Defendant filed an opposition on May 31, 2011, arguing that the fee requested is unreasonable and should be reduced. Plaintiff filed a reply on June 6, 2011.

 The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

### BACKGROUND

 Plaintiff filed the instant Complaint challenging the denial of benefits on January 14, 2010.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1    On February 1, 2011, the Court issued an order remanding the action for further

2    proceedings.  The Court ordered the ALJ to (1) gather sufficient facts about the sitting and

3    standing requirements of Plaintiff's past relevant work; (2) analyze the medical evidence and the

4    testimony of Plaintiff and Mr. Stairs; (3) formulate a supported RFC; and (4) make a

5    determination at step four, or step five, if necessary.

6        The Court entered judgment in Plaintiff's favor on February 1, 2011.

7        By this motion, Plaintiff seeks $8,577.94 in attorneys' fees for 49 hours of attorney time.

8    Plaintiff indicates that attorneys Sengthiene Bosavanh and Ralph Wilborn actually billed a total

9    of 62.5 hours (for a total of $10,941.25), but in an effort to compromise, they offered to cut their

10   hours down to 49.  In opposition, Defendant argues that even the reduced 49 hours is

11   unreasonable and argues for specific reductions based on the original fee declarations (which

12   total 62.5 hours).  Defendant then subtracts the reductions, however, from the 49 hours.

13   Defendant cannot, however, both reject the offer to compromise *and* use it as a starting point for

14   the suggested reductions.  The Court will therefore use the original hours billed as a starting point

15   for this analysis.

16                                **DISCUSSION**

17       Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the

18   government demonstrates that its position in the litigation was "substantially justified," or that

19   "special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of

20   attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

21   "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,

22   and charges that are not properly billable to a client are not properly billable to the government.

23   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the

24   number of hours reasonably expended.  *Cunningham v. County of Los Angeles*, 879 F.2d 481,

25   484 (9th Cir. 1988).

26

27

28

                                        2

Plaintiff requests a total of $10,935.90[2] for attorney time spent in litigating this action. This breaks down to a total of 62.5 attorney hours billed at 2009 and 2010 rates. In support of her request, Plaintiff submits itemizations of time spent by (1) Mr. Wilborn, from August 9, 2010, through April 19, 2011; and (2) Ms. Bosavanh, from November 20, 2009, through March 7, 2011.

A.    *Ms. Bosavanh's Time*

1.    Clerical Tasks

Defendant objects to time spent in reviewing Court documents (.3), reviewing service documents (.2) and notifying Mr. Wilborn of a new due date (.1). The Court also notes that Ms. Bosavanh billed .1 on additional occasions for review of Court and service documents and the Court will address the total amount of time (1.0 hour total billed on January 15, 22 and 27, February 23, March 16 and 23 and June 10). While reviewing Court documents is an attorney task, the method of billing resulted in 1.0 hour for simply glancing at documents. This time is excessive and the Court finds that .3 hours is reasonable compensation. The Court also finds that the .1 spent in notifying Mr. Wilborn of a new due date is a clerical tasks and should not be compensated.

Defendant also objects to the 1.3 hours spent on January 14, 2010, in preparing and electronically filing the complaint, application to proceed in forma pauperis and related documents. The Court finds that 1.0 hour is reasonable compensation for these simple and routine tasks.

Plaintiff concedes the .2 hours spent on January 21, 2010, and therefore this time will not be allowed.

Ms. Bosavanh billed 1.4 hours on February 10, 2010, for preparation of service documents, filing proof of service and completion of the consent form. This is a compensable task, though the Court finds that .3 hours is reasonable compensation for these simple tasks. *Williams v. Apfel*, 2000 WL 684259, *2 (S.D. Ind. 2000).

---

[2] Plaintiff's original total of $10,941.25 used 2010 rates for 1.9 hours billed in 2009. The recalculated amount of $10,935.90 takes into account the 1.9 hours billed at the 2009 EAJA rate of $172.24 per hour.

1   Defendant next objects to .7 hours spent in preparation of an extension of time.  As this

2   Court has previously explained, Requests for extensions of time are common in Social Security

3   cases and often benefits both parties.  Plaintiff has agreed to accept .2 hours for this task and this

4   time will be allowed.

5        2.     Duplicative Work

6   Defendant groups together numerous entries as clerical tasks, though the Court finds

7   certain entries more suitable for discussion as duplicative.

8   Defendant first objects to 1.1 hours billed on June 14, 2010, to "receive and check

9   contents of transcript; mail to brief-writing attorney."  Though not necessarily clerical in nature,

10  the Court has previously explained that this is duplicative based on Mr. Wilborn's role as the

11  main researcher and writer.  The Government should not be forced to pay increased fees simply

12  because Ms. Bosavanh has decided to employ another attorney to actually write the briefs.  While

13  there are certain instances where overlap is warranted, it is not warranted for this task.  There is

14  no indication that Mr. Wilborn was unable to determine if the record was complete.  Moreover,

15  although Ms. Bosavanh suggests that she had a professional responsibility to review the record to

16  familiarize herself with facts because she was the attorney signing the briefs, the Court takes this

17  necessity into consideration in allowing for time to review the *actual* briefs.  Therefore, the 1.1

18  hours billed on June 14, 2010, will not be allowed.

19  Similarly, Ms. Bosavanh billed time reviewing Defendant's briefings and forwarding

20  them to Mr. Wilborn.  Specifically, she billed .3 hours on September 15, 2010, reviewing and

21  forwarding the response to the Confidential Letter Brief and .4 hours reviewing and forwarding

22  Defendant's opposition to the Opening Brief.  This time is duplicative given Mr. Wilborn's role

23  as the brief writer and will not be allowed.

24  On August 11, 2010, Ms. Bosavanh billed 1.0 hour to receive and review the Confidential

25  Letter Brief.  As Ms. Bosavanh is the attorney of record and likely signed the Confidential Letter

26  Brief, she is entitled to review the document prior to signing it.  However, to limit the number of

27  duplicative hours, the Court will only allow .5 hours for this task.

28

Also in her role as the signing attorney, Ms. Bosavanh billed 1.1 hours on October 11, 2010, to review and submit the Opening Brief and .8 hours on November 24, 2010, to review and submit the Reply Brief.  The Court will allow 1.0 hour total for this work.

Defendant also objects to .2 hours billed on November 24, 2010, for e-mail correspondence with Mr. Wilborn regarding Defendant's opposition.  This time will be allowed. Despite Defendant's questionable characterization of this as a clerical task, this is an attorney communication and is reimbursable.

3.     EAJA Motion

Finally, Defendant objects to Ms. Bosavanh's time entry on March 7, 2011, when she spent 1.5 hours preparing EAJA fee time documents.  Defendant characterizes the time as excessive and clerical in nature.

Contrary to Defendant's suggestion, preparing an itemized time sheet for an EAJA fee motion is not a clerical task as counsel must review the time records to make sure the time is properly billed to the client, ensure that time billed is accurate and redact any privileged information.  *See Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009) (allowing 2.75 hours reviewing time records and logs to prepare a billing sheet in support of an EAJA motion).

However, having now reviewed *numerous* EAJA fee motions submitted by Ms.Bosavanh and Mr. Wilborn, it has become apparent to the Court that the EAJA motions, and even the billing statements, are *extremely* similar.  While Ms. Bosavanh is entitled to compensation for preparing her billing statement, the repetitive nature of her billing statements warrants a reduction in time.  She will therefore be allowed .5 hours for this task.

Ms. Bosavanh's remaining entries will be allowed.

B.     *Mr. Wilborn's Time*

1.     Opening Brief

Defendant first objects to the 19 hours spent in preparation of the Opening Brief. Defendant argues that given the 9.5 hours spent in preparing the Confidential Letter Brief, which Defendant does not contest, an additional 19 hours is excessive.

1    The Court again cautions Defendant against continuing to make comparisons between the

2    Confidential Letter Brief and the Opening Brief in an effort to undermine the time spent on the

3    Opening Brief.  This Court has previously explained that the Confidential Letter Brief is "for

4    settlement purposes only and will not be used as evidence against a party to these proceedings."

5    *Belcher v. Astrue*, 2010 WL 5111435, * 1 (E.D.Cal. 2010).  Continued comparison by Defendant

6    is unnecessary.

7    The Court agrees, however, that certain time spent was excessive.  The Court does not

8    need to compare the Confidential Letter Brief to the Opening Brief to conclude that spending 9.5

9    hours reviewing the ALJ's decision, analyzing the record and preparing the Confidential Letter

10   Brief likely framed the issues and allowed some cross-over for the Opening Brief.  While the

11   Court appreciates the need to re-examine the materials prior to preparing the Opening Brief, and

12   the need to spend additional time to prepare the Opening Brief, an additional 19 hours is

13   excessive.

14   The Opening Brief, excluding the table of contents, was 27 pages and presented 4 well-

15   developed issues.  In fact, the Court found in favor of Plaintiff on *all* issues.  Based on the prior

16   time spent in preparation of the Confidential Letter Brief, the nature of the issues presented in the

17   Opening Brief, and the successful outcome, the Court finds that this time should be reduced by

18   7.0 hours.  This will compensate Mr. Wilborn for an additional 12 hours for preparing the

19   Opening Brief and, contrary to the Commissioner's argument, this additional time is not

20   unreasonable or excessive given the high quality of the product presented to the Court.

21   2.    Reply Brief

22   Next, Defendant contests the 16 hours spent by Mr. Wilborn on the Reply Brief.

23   Having now reviewed numerous Social Security actions prosecuted by Ms. Bosavanh and

24   Mr. Wilborn, it is apparent to the Court that Mr. Wilborn often repeats arguments in the Reply

25   that were already thoroughly presented in the Opening Brief.  While the Court appreciates

26   Plaintiff's right to respond to Defendant's arguments, 16 hours to do so is simply excessive.  The

27   Court finds that this time should be reduced by half, for a total of 8 hours compensation.

28

1    3.    EAJA Motion

2    Finally, Defendant objects to the 2.0 hours spent by Mr. Wilborn in preparation of the

3    EAJA settlement letter, EAJA fee petition and his itemized time declaration.  As the Court

4    explained above, repeated rulings on Plaintiffs' attorneys petitions have revealed the similar

5    nature of their EAJA petitions and billing statements.

6    Plaintiff is entitled to compensation for these tasks.  *See Fortes v. Astrue,* 2009 WL

7    3007735, *4 (S.D. Cal. 2009).  The Court will allow .5 hours for preparation of Mr. Wilborn's

8    time sheet and .5 hours for preparation of the remaining documents.

9    Mr. Wilborn is therefore entitled to a total of 31 hours.

10   **AWARD**

11   Plaintiff's motion is GRANTED.  Plaintiff is entitled to an award in the total amount of

12   $6,892.01 broken down as follows:

13   Mr. Wilborn:

14   31 hours at $175.06 per hour    $5,426.86

15   Ms. Bosavanh:

16   1.9 hours at $172.24 per hour    $327.26

17   6.5 hours at $175.06 per hour    $1,137.89

18   This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010).

19   IT IS SO ORDERED.

20   **Dated:   July 21, 2011**                          **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28